UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANDREW J. BOGAN | CIVIL ACTION NO. 6:11-cv-1597 |
|     LA. DOC #223713 | |
| VS. | SECTION P |
| | JUDGE HAIK |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

Pro se petitioner Andrew J. Bogan filed the instant petition for writ of habeas corpus on August 31, 2011.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2004 convictions for attempted armed robbery, attempted aggravated burglary and aggravated battery, his adjudication as a second felony offender, and the hard labor sentences totaling 65 years that were imposed by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On April 27, 2004 petitioner was convicted of attempted armed robbery, attempted aggravated burglary, and aggravated battery. Thereafter, on some unspecified date, he was adjudicated a second felony offender and concurrent sentences totaling 65 years were imposed. [Doc. 1-2, pp. 8-9]

Petitioner appealed to the First Circuit Court of Appeals raising a claim of excessiveness of sentence. [Doc. 1-2, p. 9] On February 10, 2006, his conviction and sentence were affirmed in an unpublished opinion of the First Circuit Court of Appeals. *State of Louisiana v. Andrew J. Bogan*, 2005-1221 (La. App. 1 Cir. 2/10/2006), 924 So.2d 513 (Table).  His timely writ application was denied by the Louisiana Supreme Court on November 17, 2006. *State of Louisiana v. Andrew J. Bogan*, 2006-1215 (La. 11/17/2006), 942 So.2d 532.  He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶6(d)]

On December 26, 2007[1] petitioner filed a pro se application for post-conviction relief in the Sixteenth Judicial District Court. Petitioner argued three claims for relief: (1) insufficiency of the evidence; (2) double jeopardy; and (3) ineffective assistance of trial counsel. [Doc. 1-3, Exhibit A, pp. 1-40] On March 9, 2009 the District Court denied relief and provided written reasons for judgment. [Doc. 1-3, Exhibit B, pp. 41-43]

On some unspecified date[2] petitioner filed an application for writs in the First Circuit Court of Appeals. [Doc. 1-3, Exhibit C, pp. 44-65] On July 31, 2009 the First Circuit denied writs without comment. [Doc. 1-3, Exhibit D, pp. 66-67; *State of Louisiana v. Andrew J. Bogan*, 2009-KW-0789 (La. App. 1 Cir. 7/31/2009)]

---

[1] Petitioner has not alleged the date he filed his application for post-conviction relief; however, the affidavit accompanying the pleading was executed on December 26, 2007 and that is the earliest date that the pleading can be considered filed.

[2] The pleading submitted as Exhibit C is dated August 16, 2009; however, according to petitioner, the First Circuit denied post-conviction writs on July 31, 2009 and it is therefore unlikely that the writ application was filed on a date subsequent to the judgment. Further, as is shown elsewhere, petitioner signed his writ application to the Supreme Court on August 16, 2009 and it is unlikely that he sought writs in the court of appeals and the Supreme Court on the same date.

On August 16, 2009 petitioner submitted a pro se writ application to the Louisiana Supreme Court seeking further review of his post-conviction application.  [Doc. 1-3, Exhibit E, pp. 68-90] On June 18, 2010 the Louisiana Supreme Court denied writs. [Doc. 1-3, Exhibit F, pp. 91-92; *State of Louisiana ex rel. Andrew J. Bogan v. State of Louisiana*, 2009-1898 (La. 6/18/2010), 38 So.3d 318]

Petitioner signed his habeas corpus petition on August 21, 2011 [Doc. 1-2, p. 36]; it was mailed on August 30, 2011 [Doc. 1, p. 138] and received and filed on August 31, 2011.

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

---

[3] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing; nor does his claim arise as a result of a newly recognized Constitutional right; nor does it involve the recent discovery of the factual predicate of his claims.

The  statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provide that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, and the limitations period is tolled only for the time that the properly filed application remains pending.  *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence; thereafter he sought further direct review in the Louisiana Supreme Court.  The direct appeal process ended on November 17, 2006 when the Louisiana Supreme Court denied writs. *State of Louisiana v. Andrew J. Bogan*, 2006-1215 (La. 11/17/2006), 942 So.2d 532.  However, petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about February 17, 2007  when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's November 17, 2006 judgment denying  his petition for *certiorari* to file a petition for a writ of *certiorari*. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run on that date.  Petitioner

therefore had one year from that date, or until February 17, 2008 to file a timely petition for habeas corpus.  Petitioner filed a timely application for post-conviction relief on December 26, 2007 [Doc. 1-3, Exhibit A] and he was thus able to toll limitations during the pendency of that proceeding. However, a period of approximately 311 days elapsed between the date that his judgment of conviction became final under the AEDPA and the date he filed his application for post-conviction relief, and, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Limitations began anew and statutory tolling ceased on June 18, 2010 when the Louisiana Supreme Court denied writs and thus concluded petitioner's post-conviction litigation in state court. *State of Louisiana ex rel. Andrew J. Bogan v. State of Louisiana*, 2009-1898 (La. 6/18/2010), 38 So.3d 318] Thereafter, a period of 428 days elapsed un-tolled until August 21, 2011, the date petitioner signed and thus filed the instant petition for writ of habeas corpus. In other words, a period of approximately 739 days elapsed un-tolled between the date of finality of judgment and the date petitioner filed his federal habeas corpus petition. His petition is therefore clearly time-barred by the provisions of 28 U.S.C. §2244(d).

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A

petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).   As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.   The petition is time-barred by the provisions of  28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus*  was timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 28, 2011

_____
PA
UNITED STATES MAGISTRATE JUDGE